# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re* **FREDERICK BANKS** | ) | Civ. Nos. 05-261, 05-594, 05-595, |
| **RULE 60(B) MOTIONS** | ) | 05-596, 05-597, 05-598, 05-599, |
| | ) | 05-600, 05-601, 05-602, 05-603, 05-604, |
| | ) | 05-605, 05-606, 05-607, 05-608, 05-609, |
| | ) | 05-610, 05-611, 05-612, 05-613, 05-614, |
| | ) | 05-615, 05-616, 05-617, 05-1064, |
| | ) | 05-1128, 06-1275, 08-1209 |

## MEMORANDUM OPINION

CONTI, Chief District Judge

Frederick Banks ("Banks")—a vexatious litigant[1]—moves the court to reopen the above-captioned cases "on the grounds that he is an American Indian." Banks asserts he may file these motions to reopen "even at this late date under Rule 60(b) void judgment [*sic*]." For the reasons that follow, Banks's motions will be denied.

Federal Rule of Civil Procedure 60(b)(4) provides that "[o]n motion and just terms," the court "may relieve a party . . . from a final judgment" if it is "void." A final judgment is "void" if the court that rendered it lacked personal jurisdiction over the defendant, *see Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008), or subject-matter jurisdiction over the plaintiff's claims. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). "[N]o passage of time can transmute a nullity into a binding judgment, and hence there is no time limit for such a motion,"

---

[1] *Banks v. Pope Francis*, No. 15-1385, 2015 WL 8207532 (W.D. Pa. Dec. 8, 2015).

notwithstanding Rule 60(c)(1)'s "reasonable time" requirement. *United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000).

Banks's bare assertion that "he is an American Indian" does not render the final judgments in the above-captioned cases void for want of personal or subject-matter jurisdiction. The canon of statutory construction cited by Banks that "statutes are to be construed liberally in favor of the Indians, with ambiguous provisions interpreted to their benefit," *Chickasaw Nation v. United States*, 534 U.S. 84, 99 (2001) (citation omitted), does not automatically render these judgments against Banks "void" under Rule 60(b)(4). The court cannot discern any other reason these judgments against Banks are void. Accordingly, Banks's motions to reopen the above-captioned cases under Rule 60(b)(4) will be denied.

In footnotes to Banks's Rule 60(b)(4) motions, Banks alleges "[t]he government" placed him under "unlawful surveillance" to retaliate against him for filing dozens (and dozens) of civil lawsuits against it. Banks claims the surveillance—which apparently involved "'voice to skull' technology" and "'telepathic behavior modification'"—"effected [*sic*] the decisions in" the above-captioned cases. On these grounds, Banks seeks disclosure of the alleged surveillance. These requests for surveillance will be denied because they are factually frivolous. "'[C]laims describing fantastic or delusional scenarios'"—like Banks's requests for surveillance—"may be factually baseless, and thus frivolous."

2

*Pope Francis*, 2015 WL 8207532, at *3 (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). "'[A] finding of factual frivolousness is appropriate when'"—like here—"'the facts alleged rise to the level of the irrational or the wholly incredible.'" *Id.* (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Allegations that the government used "'voice to skull' technology" and "'telepathic behavior modification'" to alter the outcome of cases pending in this court unquestionably meet this standard. Further, to the extent Banks's requests seek discovery in his pending criminal case (*i.e.*, criminal number 15-168), he must raise them in that case in accordance with the Federal Rules of Criminal Procedure. He cannot raise them in closed civil cases by way of Rule 60(b)(4) motions.

For the reasons set forth in this memorandum opinion, Banks's motions to reopen the above-captioned cases and for disclosure of surveillance will be denied. Further filings in these cases will be summarily denied if they do not comport with the criteria and procedures set forth in the court's vexatious litigant order: *Pope Francis*, 2015 WL 8207532.

An appropriate order follows.

**DATED**:   March 21, 2016

**/s/ JOY FLOWERS CONTI**
Joy Flowers Conti
Chief United States District Judge

**CC**:

Frederick Banks (Inmate #120759)
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219